UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
STANISLAW PEST,                                    16-cv-3785

                              *Plaintiff*,
                                                          **COMPLAINT**

              -against-

EXPRESS CONTRACTING CORP. OF
GREAT NECK, EXPRESS KITCHEN
AND BATH CORP. OF GREAT NECK
d/b/a ELITE KITCHEN AND BATH,
YEHESKEL SHARBANI and
DAVID SHARBANI,

                              *Defendants*.
-------------------------------------------------------X

        Plaintiff Stanislaw Pest, by his attorneys, the Law Offices of Scott A. Lucas,

alleges as follows for his Complaint against Defendants Express Contracting Corp.

of Great Neck, Express Kitchen and Bath Corp. of Great Neck d/b/a Elite Kitchen

and Bath, Yeheskel Sharbani and David Sharbani:

                              <u>**INTRODUCTION**</u>

        1.      Plaintiff Stanislaw Pest brings this action against Defendants

for unpaid overtime and liquidated damages under the Fair Labor Standards Act

("FLSA"), 29 U.S.C. § 201, *et seq.*, New York Labor Law ("NYLL") §§ 663.1 and

652(1), §§ 142-2.2 and 142-2.1 of Title 12 of New York's Codes, Rules and

Regulations ("NYCRR"), for unlawful wage deductions under NYLL § 193, and

for statutory damages for violating the mandatory notice provisions of NYLL §§

195 and 198.

## JURISDICTION & VENUE

2.     This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. §§1331 and 29 U.S.C. § 216(b).

3.     This Court also has diversity jurisdiction over Plaintiff's claims under 28 U.S.C. §1332 in that there is complete diversity between the parties and the amount in controversy exceeds $75,000.

4.     This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367.

5.     Venue is proper under 28 U.S.C. § 1391(b)(1) and (2).

## THE PARTIES

6.     Plaintiff Stanislaw Pest is an individual residing at 9179 Jennifer Lane, Jacksonville, Florida 32222.

7.     Defendant Express Contracting Corp. of Great Neck (hereafter, "Express Contracting") is a corporation organized and existing under the laws of the State of New York with its principal place of business located at 983 Northern Blvd., Manhasset NY 11030.

8.     Defendant Express Kitchen and Bath Corp. of Great Neck d/b/a Elite Kitchen and Bath (hereafter, "Express Kitchen") is a corporation organized and existing under the laws of the State of New York with its principal place of business located at 983 Northern Blvd., Manhasset NY 11030.

9.     Defendant Yeheskel Sharbani is an individual who, upon information and belief, lives in the State of New York at an address not currently known to Plaintiff.

10.     Defendant David Sharbani is an individual who, upon information and belief, lives in the State of New York at an address not currently known to Plaintiff.

## **FACTS**

11.     At all material times herein, Plaintiff was an employee who did construction work for Defendants, including, without limitation, helping to lay foundations, operating machinery, erecting removable platforms, helping to construct roofs, etc.

12.     Plaintiff's employment with Defendants began in 1986, when he was designated as an employee of Express Contracting.

13.     At all material times herein, Defendant Yeheskel Sharbani was Express Contracting's Chief Executive Officer ("CEO").

14.     Upon information and belief, at all material times herein Defendant Yeheskel Sharbani was Express Contracting's primary owner.

15.     At all material times herein, Defendant Yeheskel Sharbani determined how much Plaintiff would be paid, when he would be paid, and how he would be paid (*i.e.*, partially by check, and partially in cash).

16.     At all material times herein, Defendant Yeheskel Sharbani had authority to make, and did make, hiring and firing decisions for Defendants.

17.     At all material times herein, Defendant Yeheskel Sharbani had authority to exercise less severe forms of discipline, and expressly or impliedly approved of such less severe forms of discipline.

18.     At all material times herein, Defendant Yeheskel Sharbani established or participated in establishing Plaintiff's work schedules and work assignments.

19.     Upon information and belief, beginning in 1991 and at all times thereafter Express Contracting and Yeheskel Sharbani began classifying a portion

4

of their contracting operation under a different name – Express Kitchen and Bath Corp. of Great Neck d/b/a Elite Kitchen and Bath.

20.     At all material times herein, Express Contracting and Express Kitchen were operated from the same location – 983 Northern Blvd., Manhasset NY 11030.

21.     That location has prominent signage showing that Express Contracting and Elite Kitchen are both located there.

22.     The marketing and promotion of Express Contracting occurs through, *inter alia*, Express Kitchen's website (http://www.elitekb.com/), which has a separate "Express Contracting" tab.

23.     Express Kitchen's website describes Express Contracting as "our partners".  *See* http://www.elitekb.com/general-contracting/

24.     Express Kitchen's website also describes Express Kitchen as a "One Stop Shop [because it] offer[s] contracting & installation through Express Contracting".  http://www.elitekb.com/about/

25.     Express Kitchen's website also describes Express Kitchen as a "Family owned & operated business for over  32 years".

http://www.elitekb.com/about/

5

26.     Express Kitchen's website shows that the principals of the two corporations are the same (Yeheskel and David Sharbani) and that, in their capacity as principals of Express Contracting, they both use Express Kitchen email addresses (*Yeheskel@elitekb.com* and *David@elitekb.com*).

27.     Express Contracting and Express Kitchen also have the same fax number (516-365-9754).

28.     Express Contracting and Express Kitchen also have phone numbers that are one-digit apart (516-365-0595 and 516-365-0596).

29.     Yeheskel and David Sharbani are father and son, and, upon information and belief, have been united in interest since 2011 with respect to the operation and ownership of Express Contracting and Express Kitchen.

30.     At all material times herein, Express Contracting and Express Kitchen were operated by Yeheskel Sharbani, and, from 2011 onward, jointly operated by Yeheskel Sharbani and his son David Sharbani.

31.     At all material times herein, Defendant Yeheskel Sharbani was Express Kitchen's Chief Executive Officer ("CEO").

32.     Upon information and belief, at all material times herein Defendant Yeheskel Sharbani was Express Kitchen's primary owner.

33.    At all material times herein, Yeheskel Sharbani routinely inspected the work being performed at the sites where Plaintiff worked.

34.    At all material times herein, Yeheskel Sharbani routinely supervised the work being performed at the sites where Plaintiff worked, and spent an average of at least two to three hours a day doing so.

35.    From 2011 onward David Sharbani oversaw about 15-20% of the work Plaintiff performed for Defendants, except for those projects that were under David Sharbani's direct supervision.  As to those projects, David Sharbani was at the site supervising Plaintiff's work on an almost-daily basis and supervised most of Plaintiff's work.

36.    Upon information and belief, at all material times herein during the time frames indicated below, Defendants were joint employers of Plaintiff.

37.    The hours worked by Plaintiff were not less than the hours indicated in the spreadsheet contained in the "Damages" section of this Complaint.

38.    Throughout his employment, Plaintiff was paid on an hourly basis.

39.    Throughout his employment, Plaintiff never received one and a half times his hourly rate for hours worked in excess of 40 per week.

40.     Throughout his employment, Plaintiff's pay was given to him each week in an envelope that contained, among other things, a check and cash.

41.     Throughout his employment, the envelopes containing Plaintiff's pay were given to Plaintiff by either Yeheskel Sharbani or the site supervisor.

42.     Defendants used a "shadow payroll" system whereby Plaintiff would be given calculator ribbon printouts containing his *actual* hourly rate, and a supposed cash sum Plaintiff was supposed to receive for the differential between the pay based on the *actual* hourly rate and the false hourly rate listed on the paystubs.

43.     However, Plaintiff only received approximately two-thirds of that cash differential, and never received one and one-half times his hourly rate for hours worked in excess of 40.

## <u>FIRST CAUSE OF ACTION</u>

## <u>UNPAID OVERTIME IN VIOLATION OF THE FLSA</u>

44.    The Complaint's preceding allegations are incorporated herein by reference.

**Enterprise Coverage**

45.    Upon information and belief, Defendants constitute an "enterprise" as that term is defined by 29 U.S.C. § 203(r), in that, at all material times herein, they engaged in related activities performed through unified operation and/or common control for a common business purpose.

46.    At all times mentioned herein, Defendants' employees regularly engaged in interstate commerce in connection with their employment, including, but not limited to:

    a.    handling the below-referenced goods and materials and other goods transported from out-of-state, which are then sold in interstate commerce, across state lines;

    b.    interstate purchases, sales and marketing of goods and materials, including kitchen, bath and construction products and below-referenced materials used in connection with said goods and materials;

    c.    handling credit and debit card and other transactions that involve the interstate banking, finance and insurance systems; and

    d.    transacting business across state lines via interstate telephone calls, text messages, faxes, emails, and the U.S. Mail.

47.     In addition, at all times mentioned herein Defendants employed employees in and about their business premises in handling, selling, or otherwise working on goods and materials which had moved in or been produced for commerce by other persons, including, without limitation, bobcats manufactured in North Dakota, other machinery, cement, adhesive compounds, lumber, piping, electrical wiring, tubing, siding, shingles, sheetrock, plaster, paint, brushes, solvents and thinners, bags, brooms, shovels, scrapers, grinders, sanders, levels, hammers, pry bars, nails, drills, wrenches, screwdrivers, files and saws.

48.     Defendants also received (at designated in-state worksites) regular deliveries of materials on tractor trailers from out-of-state, including cabinetry from out of state.

49.     Upon information and belief, very few of the above-referenced items were manufactured in New York.

50.     Most of them, upon information and belief, were manufactured in the Midwest and China. *See, e.g., Archie v. Grand Cent. P'ship,* 997 F.Supp. 504, 530 (S.D.N.Y.1998) (sanitation workers using "bags, brooms, shovels, pails, scrapers ... radios, books ... [and] flashlights" handled goods "undoubtedly moved in interstate commerce") (Sotomayor, J.); *Shim v. Millennium Grp.,* No. 08–CV– 4022, 2009 WL 211367, at *3 (E.D.N.Y. Jan. 28, 2009) ("[T]he test is met if

10

employees ... merely handled supplies or equipment that originated out-of-state").

51.     Upon information and belief, at all material times herein Defendants' Defendants' annual gross sales exceeded $500,000 per annum and Defendants had at least two employees engaged in commerce.  *See*, *e.g.*, *Shim, supra*, 2009 WL 211367, at *3 ("virtually every enterprise in the nation *doing the requisite dollar volume of business* is covered by the FLSA") (emphasis added) (quoting *Archie,* 997 F.Supp. at 530).

52.     This belief is based on, *inter alia*, the substantial volume of Defendants' business, the high end nature and corresponding cost of their products, the substantial labor and materials expenses incurred by Defendants, and the substantial dollar value of the liens Defendants placed on the property of just one of their many customers.

**Defendants' Record-Keeping Obligations**

53.     Under federal and state law, employers are responsible for keeping detailed records of wages, hours, and other employment information. *See* 29 U.S.C. § 211(c); NYLL § 195(4); NYLL § 661; 12 NYCRR § 142-2.6.

54.     "These requirements are not mere technicalities, but substantive obligations that are 'fundamental underpinnings' of FLSA and critical to ensuring the statute's effectiveness, for an employer's '[f]ailure to keep accurate records can

obscure a multitude of minimum wage and overtime violations.'"  *Chan v. Sung Yue Tung Corp.*, 2007 WL 313483 (S.D.N.Y. 2007) (Lynch, J.) (citing cases).

55.     Defendants at all times mentioned herein failed to comply with the above-referenced record-keeping obligations because they failed to record all of Plaintiff's time on his earnings statements, failed to maintain a record (or an official record) of what Plaintiff was paid, and failed to maintain any records that specified a premium rate for overtime pay.

**Defendants' FLSA Liability**

56.     For hours worked in excess of 40 per week, Plaintiff was entitled to overtime pay at a rate not less than one and one-half times the regular rate at which  he was employed. Instead, he was paid at the straight time rate for hours worked in excess of 40 per week.

57.     At all times mentioned herein, Defendants failed to comply with the FLSA, in that Defendants frequently required and permitted Plaintiff to work more than 40 hours per week, but provision was not made by Defendants to pay Plaintiff at the rate of one and one-half times the regular rate for the hours worked in excess of the hours provided for in the FLSA (29 U.S.C. § 207).

58.     Upon information and belief, Defendants are and were at all relevant times herein aware that overtime pay is mandatory for non-exempt employees who work more than 40 hours per week.

59.     Upon information and belief, Defendants are and were at all material times herein fully aware that Plaintiff usually worked more than 40 hours per week without receiving being paid one and one-half times his hourly rate for work in excess of 40 hours per week.

60.     No agreement existed between the parties with respect to the payment of overtime for hours worked in excess of 40 in a workweek.

61.     Defendants' wage and hour violations were willful.

62.     The willfulness of Defendants' wage and hour violations can be inferred from several sources, including, without limitation, Defendants' violations of several other labor and employment statutes.

63.     Defendants' willfulness can also be inferred by the fact that Defendants established a "shadow payroll" system whereby Plaintiff would be given calculator ribbon printouts containing his *actual* hourly rate, and a supposed cash sum Plaintiff was supposed to receive for the differential between the pay based on the *actual* hourly rate and the false hourly rate listed on the paystubs.

64.     Plaintiff only received approximately two-thirds of that cash differential, and never received one and one-half times his hourly rate for hours worked in excess of 40.

**Equitable Tolling**

65.     Plaintiff had no knowledge of his overtime rights under the FLSA until approximately one year ago.

66.     The FLSA and analogous state laws require employers to post notices explaining wage and hour requirements.  *See* 29 C.F.R. § 516.4; 12 NYCRR § 142–2.8.

67.     A defendant's failure to post the notices required by 29 C.F.R. 516.4 and 12 NYCRR § 142–2.8 "is an important factor in determining the propriety of equitable tolling."  *Upadhyay v. Sethi*, 848 F. Supp. 2d 439, 445 (S.D.N.Y. 2012), citing *Veltri v. Bldg. Serv. 32B-J Pension Fund*, 393 F.3d 318, 324 (2d Cir. 2004).

68.     Defendants did not comply with their obligation to post the notice required by 29 C.F.R. § 516.4 or 12 NYCRR § 142–2.8.

69.     Defendants did not otherwise notify Plaintiff of his overtime rights under the FLSA or NYLL, and Plaintiff did not otherwise learn of his overtime rights under the FLSA or NYLL.

70.     Equitable tolling is therefore warranted.  *See Yu G. Ke v. Saigon Grill, Inc.*, 595 F.Supp.2d 240, 259-60 (S.D.N.Y. 2008).

71.     Consistent with the foregoing, Defendants' liability for unpaid overtime and liquidated damages under the FLSA is set forth below in the Damages section of the Complaint.

## SECOND CAUSE OF ACTION

## UNPAID OVERTIME UNDER NEW YORK LAW

72.     The allegations of the preceding paragraphs of the Complaint are incorporated herein by reference.

73.     Under NYLL Article 19, "employer" is defined to include "any individual, partnership, association, corporation, limited liability company, business trust, legal representative, or any organized group of persons acting as employer."  NYLL § 651(6).

74.     The NYCRR provision containing the New York State Department of Labor's Minimum Wage Order for Miscellaneous Industries and

Occupations, enacted pursuant to the NYLL, also contains a specific definition for employee. 12 NYCRR § 142–1.1, *et seq.*

75.     Under these administrative regulations, "employee" is defined as "any individual employed, suffered or permitted to work by an employer," with various exceptions not relevant here.  12 NYCRR § 142–2.14.

76.     Plaintiff was an "employee" for purposes of the provisions of the statutes and administrative regulations described above.

77.     Defendants failed to comply with, *inter alia*, NYLL § 663(1) and 12 NYCRR § 142-2.2, in that Plaintiff often worked for Defendants in excess of the maximum hours provided by law, but provision was not made by Defendants to pay Plaintiff at the rate of 1½ times the regular rate for the hours worked in excess of the maximum hours provided by law.

78.     As detailed herein, Defendants' non-payment of overtime pay to Plaintiff was willful.

79.     Accordingly, for willfully violating NYLL § 663.1 and 12 NYCRR § 142-2.2, Defendants are liable for the unpaid overtime, liquidated damages and prejudgment interest detailed below in the damages section of the Complaint.  NYLL §§ 663(1) and 198(1-a), (3); 12 NYCRR § 142-2.2.

80.     In addition to their liability for unpaid overtime under the FLSA and New York law and their liability for compensatory liquidated damages

16

under the FLSA, Defendants, for their willful violations of New York law, are liable under NYLL §§ 663, 198(3) and 198(1-a) for NYLL liquidated damages equal to 25% of the due and unpaid overtime through April 8, 2011, and NYLL liquidated damages equal to 100% of the due and unpaid overtime from April 9, 2011 onward.

81.  "Because the liquidated damages provisions contained within the FSLA and NYLL, respectively, serve fundamentally different purposes, 'a prevailing plaintiff who can justify both [FLSA] liquidated damages and [NYLL liquidated] damages' is entitled to recover both." *Chen v. Yuen*, 2015 WL 7758532, at *4 (S.D.N.Y. 2015) (citations omitted); *Hernandez v. Prof'l Maint. & Cleaning Contractors Inc.*, No. 13-CV-2875 FB LB, 2015 WL 128020, at *6 (E.D.N.Y. 2015) ("The majority of district courts has allowed simultaneous recovery [of FLSA liquidated damages and NYLL liquidated damages] 'because liquidated damages under the FLSA and the NYLL serve different purposes'; one provision is compensatory and the other is punitive.") (citing cases); *Easterly v. Tri-Star Transp. Corp.*, No. 11 CV 6365 VB, 2015 WL 337565, at *7 (S.D.N.Y. 2015) (same); *Jiaren Wei v. Lingtou Zhengs Corp.*, No. 13-CV-5164 FB CLP, 2015 WL 739943, at *10 (E.D.N.Y. 2015) (same); *Begum v. Ariba Disc., Inc.*, No. 12CV6620 DLC, 2015 WL 223780, at *2 (S.D.N.Y. 2015) (same).

82.     As to the equitable tolling of Plaintiff's NYLL claims, which are partially outside the applicable six-year limitations period of NYLL § 663(3) and 198(3), "federal district courts apply the same standard for equitable tolling of state labor law claims as for tolling FLSA claims." *Ramirez v. Rifkin*, 568 F.Supp.2d 262, 273 (E.D.N.Y. 2008).

83.     Based upon the foregoing, Defendants are liable for the unpaid overtime and liquidated damages set forth in the Damages section of the Complaint below.

## THIRD CAUSE OF ACTION

## VIOLATIONS OF NEW YORK LABOR LAW § 193

84.     Plaintiff incorporates the preceding paragraphs by reference.

85.     Throughout Plaintiff's employment, Defendants deducted approximately one-third of designated cash portion of Plaintiff's wages.

86.     Plaintiff assumed these deductions were for tax-related obligations.

87.     These deductions were never expressly authorized by Plaintiff.

88.     These deductions were not made for Plaintiff's benefit.

89.     Upon information and belief, these deductions were also never used to cover tax obligations.

18

90.     Defendants' taking of these deductions was willful.

91.     The willfulness of Defendants' conduct in this regard may be inferred from several sources, including, without limitation, the other wage and hour violations referenced herein, the secretive nature of Defendants' "shadow payroll" system, and the fact that the deductions in question were used to enrich Defendants at Plaintiff's expense.

92.     Based upon the foregoing, Defendants are liable for unauthorized deductions and liquidated damages as set forth in the Damages section of the Complaint below.

## FOURTH CAUSE OF ACTION

## VIOLATIONS OF NEW YORK LABOR LAW § 195

93.     Plaintiff incorporates the preceding paragraphs by reference.

94.     The version of NYLL § 195.1(a) in effect during the latter part of Plaintiff's employment provided, *inter alia*, that "Every employer shall":

> 1.(a) provide his or her employees, in writing in English and in the language identified by each employee as the primary language of such employee, at the time of hiring, and on or before February first of each subsequent year of the employee's employment with the employer, a notice containing the following information:  the rate or rates of pay and the basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; … Each time the employer provides such notice to an employee, the employer shall obtain

from the employee a signed and dated written acknowledgement, in English and in the primary language of the employee, of receipt of this notice, which the employer shall preserve and maintain for six years.  Such acknowledgement shall include an affirmation by the employee that the employee accurately identified his or her primary language to the employer, and that the notice provided by the employer to such employee pursuant to this subdivision was in the language so identified or otherwise complied with paragraph (c) of this subdivision…   For all employees who are not exempt from overtime compensation as established in the commissioner's minimum wage orders or otherwise provided by New York state law or regulation, the notice must state the regular hourly rate and overtime rate of pay[.]

95.     The version of NYLL § 195.3 in effect during the latter part of Plaintiff's employment provided, *inter alia*, that "Every employer shall":

furnish each employee with a statement with every payment of wages, listing the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; ***; and net wages. For all employees who are not exempt from overtime compensation as established in the commissioner's minimum wage orders or otherwise provided by New York state law or regulation, the statement shall include the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked.

96.     The then-effective version of NYLL § 198 further provided, in pertinent part, as follows:

1-b. If any employee is not provided within ten business days of his or his first day of employment a notice as required by subdivision one of [Labor Law § 195.1], he or  he may recover in a civil action damages of [$50] for each work day that the violations occurred or continue to occur, but not to exceed a total of [$2,500], together with costs and reasonable attorney's fees. ***

1-d. If any employee is not provided a statement or statements as required by [Labor Law § 195.3], he or  he shall recover in a civil action damages of [$250] for each work day that the violations occurred or continue to occur, but not to exceed a total of [$2,500], together with costs and reasonable attorney's fees. ***

97.     Defendants failed to comply with the various requirements set forth in NYLL § 195, including failing to record hours work, regular rate of pay, and overtime hours.  As a result, their cumulative civil penalties would exceed the combined statutory maximum of $5,000 under NYLL § 198 (1-b) and (1-d), and are therefore liable in the amount of $5,000 to Plaintiff for said violations, plus attorney's fees and costs.

## **DAMAGES**

98.     If equitable tolling did *not* apply, Defendants' liability for unpaid overtime and liquidated damages would be estimated as follows:

| Week Ending | Actual Hourly Rate (i.e., rate listed on calculator ribbon printouts) | Hourly Rate Listed on Paystub | Hours Worked (per paystubs) | Gross (pretax) Amount Paid By Check | Difference Between What Should Have Been Paid If No OT Premium Was Owed, and Gross Pay Listed on Paystub | Est. Amount Paid in Cash (two-thirds of difference between what should have been paid if no OT premium were owed, and gross pay listed on paystub) | Gross Amount Paid (amount listed on paystub, plus appx. Two-thirds of difference between what should have been paid if no OT premium were owed, and gross pay listed on paystub) | OT hours worked | OT Owed | FLSA Liquidated Damages Owed | NYLL Liquidated Damages Owed | OT-Related Totals |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 5/9/2014 | $25.19 | $20.25 | 20 | $405 | $99 | $66 | $471 | 0 | $0 | $0 | $0 | $0 |
| 5/2/2014 | $25.19 | $20.25 | 46 | $932 | $227 | $152 | $1,083 | 6 | $151 | $151 | $151 | $453 |
| 4/25/2014 | $25.19 | $20.25 | 39 | $790 | $193 | $129 | $918 | 0 | $0 | $0 | $0 | $0 |
| 4/18/2014 | $25.19 | $20.25 | 48 | $972 | $237 | $158 | $1,130 | 8 | $202 | $202 | $202 | $605 |
| 4/11/2014 | $25.19 | $20.25 | 47 | $952 | $232 | $155 | $1,107 | 7 | $176 | $176 | $176 | $529 |
| 4/4/2014 | $25.19 | $20.25 | 50 | $1,013 | $247 | $165 | $1,177 | 10 | $252 | $252 | $252 | $756 |
| 3/28/2014 | $25.19 | $20.25 | 50 | $1,013 | $247 | $165 | $1,177 | 10 | $252 | $252 | $252 | $756 |
| 3/21/2014 | $25.19 | $20.25 | 50 | $1,013 | $247 | $165 | $1,177 | 10 | $252 | $252 | $252 | $756 |
| 3/14/2014 | $25.19 | $20.25 | 50 | $1,013 | $247 | $165 | $1,177 | 10 | $252 | $252 | $252 | $756 |
| 3/7/2014 | $25.19 | $20.25 | 50 | $1,013 | $247 | $165 | $1,177 | 10 | $252 | $252 | $252 | $756 |
| 2/28/2014 | $25.19 | $20.25 | 48 | $972 | $237 | $158 | $1,130 | 8 | $202 | $202 | $202 | $605 |
| 2/21/2014 | $25.19 | $20.25 | 50 | $1,013 | $247 | $165 | $1,177 | 10 | $252 | $252 | $252 | $756 |
| 2/14/2014 | $25.19 | $20.25 | 50 | $1,013 | $247 | $165 | $1,177 | 10 | $252 | $252 | $252 | $756 |
| 2/7/2014 | $25.19 | $20.25 | 50 | $1,013 | $247 | $165 | $1,177 | 10 | $252 | $252 | $252 | $756 |
| 1/31/2014 | $25.19 | $20.25 | 39 | $790 | $193 | $128 | $918 | 0 | $0 | $0 | $0 | $0 |
| 1/24/2014 | $25.19 | $20.25 | 49 | $992 | $242 | $161 | $1,154 | 9 | $227 | $227 | $227 | $680 |
| 1/17/2014 | $25.19 | $20.25 | 50 | $1,013 | $247 | $165 | $1,177 | 10 | $252 | $252 | $252 | $756 |
| 1/10/2014 | $25.19 | $20.25 | 48 | $972 | $237 | $158 | $1,130 | 8 | $202 | $202 | $202 | $605 |
| 1/3/2014 | $25.19 | $20.25 | 22 | $446 | $109 | $72 | $518 | 0 | $0 | $0 | $0 | $0 |
| 12/27/2013 | $23.69 | $20.25 | 20 | $375 | $99 | $66 | $441 | 0 | $0 | $0 | $0 | $0 |
| 12/20/2013 | $23.69 | $18.75 | 50 | $938 | $247 | $165 | $1,102 | 10 | $237 | $237 | $237 | $711 |
| 12/13/2013 | $23.69 | $18.75 | 45 | $844 | $222 | $148 | $992 | 5 | $118 | $118 | $118 | $355 |
| 12/6/2013 | $23.69 | $18.75 | 50 | $938 | $247 | $165 | $1,102 | 10 | $237 | $237 | $237 | $711 |
| 11/29/2013 | $23.69 | $18.75 | 30 | $563 | $148 | $99 | $661 | 0 | $0 | $0 | $0 | $0 |
| 11/22/2013 | $23.69 | $18.75 | 50 | $938 | $247 | $165 | $1,102 | 10 | $237 | $237 | $237 | $711 |
| 11/15/2013 | $23.69 | $18.75 | 49 | $909 | $240 | $160 | $1,069 | 9 | $201 | $201 | $201 | $604 |
| 11/8/2013 | $23.69 | $18.75 | 50 | $938 | $247 | $165 | $1,102 | 10 | $237 | $237 | $237 | $711 |
| 11/1/2013 | $23.69 | $18.75 | 50 | $938 | $247 | $165 | $1,102 | 10 | $237 | $237 | $237 | $711 |
| 10/25/2013 | $23.69 | $18.75 | 60 | $1,125 | $296 | $198 | $1,323 | 20 | $474 | $474 | $474 | $1,421 |
| 10/18/2013 | | | | | | | | | | | | |
| 10/11/2013 | $23.69 | $18.75 | 50 | $938 | $247 | $165 | $1,102 | 10 | $237 | $237 | $237 | $711 |

| Date | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 10/4/2013 | $23.69 | $18.75 | 50 | $938 | $247 | $165 | $1,102 | 10 | $237 | $237 | $237 | $711 |
| 9/27/2013 | $23.69 | $18.75 | 50 | $938 | $247 | $165 | $1,102 | 10 | $237 | $237 | $237 | $711 |
| 9/20/2013 | $23.69 | $18.75 | 50 | $938 | $247 | $165 | $1,102 | 10 | $237 | $237 | $237 | $711 |
| 9/13/2013 | $23.69 | $18.75 | 50 | $938 | $247 | $165 | $1,102 | 10 | $237 | $237 | $237 | $711 |
| 9/6/2013 | $23.69 | $18.75 | 40 | $750 | $198 | $132 | $882 | 0 | $0 | $0 | $0 | $0 |
| 8/30/2013 | $23.69 | $18.75 | 50 | $938 | $247 | $165 | $1,102 | 10 | $237 | $237 | $237 | $711 |
| 8/23/2013 | $23.69 | $18.75 | 50 | $938 | $247 | $165 | $1,102 | 10 | $237 | $237 | $237 | $711 |
| 8/16/2013 | $23.69 | $18.75 | 50 | $938 | $247 | $165 | $1,102 | 10 | $237 | $237 | $237 | $711 |
| 8/9/2013 | $23.69 | $18.75 | 50 | $938 | $247 | $165 | $1,102 | 10 | $237 | $237 | $237 | $711 |
| 8/2/2013 | $23.69 | $18.75 | 50 | $938 | $247 | $165 | $1,102 | 10 | $237 | $237 | $237 | $711 |
| 7/26/2013 | $23.69 | $18.75 | 49 | $919 | $242 | $161 | $1,080 | 9 | $213 | $213 | $213 | $640 |
| 7/19/2013 | $23.69 | $18.75 | 49 | $909 | $240 | $160 | $1,069 | 9 | $201 | $201 | $201 | $604 |
| 7/12/2013 | $23.69 | $18.75 | 50 | $938 | $247 | $165 | $1,102 | 10 | $237 | $237 | $237 | $711 |
| 7/5/2013 | $23.69 | $18.75 | 30 | $563 | $148 | $99 | $661 | 0 | $0 | | $0 | $0 |
| 6/28/2013 | $23.69 | $18.75 | 44 | $825 | $217 | $145 | $970 | 4 | $95 | | $95 | $190 |
| 6/21/2013 | $23.69 | $18.75 | 48 | $900 | $237 | $158 | $1,058 | 8 | $190 | | $190 | $379 |
| 6/14/2013 | $23.69 | $18.75 | 50 | $938 | $247 | $165 | $1,102 | 10 | $237 | | $237 | $474 |
| 6/7/2013 | $23.69 | $18.75 | 50 | $938 | $247 | $165 | $1,102 | 10 | $237 | | $237 | $474 |
| 5/31/2013 | $23.69 | $18.75 | 40 | $750 | $198 | $132 | $882 | 0 | $0 | | $0 | $0 |
| 5/24/2013 | $23.69 | $18.75 | 50 | $938 | $247 | $165 | $1,102 | 10 | $237 | | $237 | $474 |
| 5/17/2013 | $23.69 | $18.75 | 50 | $938 | $247 | $165 | $1,102 | 10 | $237 | | $237 | $474 |
| 5/10/2013 | $23.69 | $18.75 | 50 | $938 | $247 | $165 | $1,102 | 10 | $237 | | $237 | $474 |
| 5/3/2013 | $23.69 | $18.75 | 50 | $938 | $247 | $165 | $1,102 | 10 | $237 | | $237 | $474 |
| 4/26/2013 | $23.69 | $18.75 | 50 | $938 | $247 | $165 | $1,102 | 10 | $237 | | $237 | $474 |
| 4/19/2013 | $23.69 | $18.75 | 50 | $938 | $247 | $165 | $1,102 | 10 | $237 | | $237 | $474 |
| 4/12/2013 | $23.69 | $18.75 | 49 | $919 | $242 | $161 | $1,080 | 9 | $213 | | $213 | $426 |
| 4/5/2013 | | | | | | | | | | | | |
| 3/29/2013 | $23.69 | $18.75 | 31 | $581 | $153 | $102 | $683 | 0 | $0 | | $0 | $0 |
| 3/22/2013 | $23.69 | $18.75 | 50 | $938 | $247 | $165 | $1,102 | 10 | $237 | | $237 | $474 |
| 3/15/2013 | $23.69 | $18.75 | 50 | $938 | $247 | $165 | $1,102 | 10 | $237 | | $237 | $474 |
| 3/8/2013 | $23.69 | $18.75 | 48 | $900 | $237 | $158 | $1,058 | 8 | $190 | | $190 | $379 |
| 3/1/2013 | $23.69 | $18.75 | 50 | $938 | $247 | $165 | $1,102 | 10 | $237 | | $237 | $474 |
| 2/22/2013 | $23.69 | $18.75 | 50 | $938 | $247 | $165 | $1,102 | 10 | $237 | | $237 | $474 |
| 2/15/2013 | $23.69 | $18.75 | 50 | $938 | $247 | $165 | $1,102 | 10 | $237 | | $237 | $474 |
| 2/8/2013 | $23.69 | $18.75 | 45 | $844 | $222 | $148 | $992 | 5 | $118 | | $118 | $237 |
| 2/1/2013 | $23.69 | $18.75 | 50 | $938 | $247 | $165 | $1,102 | 10 | $237 | | $237 | $474 |
| 1/25/2013 | $23.69 | $18.75 | 50 | $938 | $247 | $165 | $1,102 | 10 | $237 | | $237 | $474 |
| 1/18/2013 | $23.69 | $18.75 | 50 | $938 | $247 | $165 | $1,102 | 10 | $237 | | $237 | $474 |
| 1/11/2013 | $23.69 | $18.75 | 50 | $938 | $247 | $165 | $1,102 | 10 | $237 | | $237 | $474 |
| 1/4/2013 | $23.69 | $18.75 | 30 | $563 | $148 | $99 | $661 | 0 | $0 | | $0 | $0 |
| 12/28/2012 | $23.69 | $18.75 | 20 | $375 | $99 | $66 | $441 | 0 | $0 | | $0 | $0 |

| 12/21/2012 | $23.69 | $18.75 | 50 | $938 | $247 | $165 | $1,102 | 10 | $237 | | $237 | $474 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 12/14/2012 | $23.69 | $18.75 | 51 | $956 | $252 | $168 | $1,124 | 11 | $261 | | $261 | $521 |
| 12/7/2012 | $23.69 | $18.75 | 50 | $938 | $247 | $165 | $1,102 | 10 | $237 | | $237 | $474 |
| 11/30/2012 | $23.69 | $18.75 | 50 | $938 | $247 | $165 | $1,102 | 10 | $237 | | $237 | $474 |
| 11/23/2012 | $23.69 | $18.75 | 30 | $563 | $148 | $99 | $661 | 0 | $0 | | $0 | $0 |
| 11/16/2012 | $23.69 | $18.75 | 50 | $938 | $247 | $165 | $1,102 | 10 | $237 | | $237 | $474 |
| 11/9/2012 | $23.69 | $18.75 | 48 | $900 | $237 | $158 | $1,058 | 8 | $190 | | $190 | $379 |
| 11/2/2012 | $23.69 | $18.75 | 30 | $563 | $148 | $99 | $661 | 0 | $0 | | $0 | $0 |
| 10/26/2012 | $23.69 | $18.75 | 50 | $938 | $247 | $165 | $1,102 | 10 | $237 | | $237 | $474 |
| 10/19/2012 | $23.69 | $18.75 | 50 | $938 | $247 | $165 | $1,102 | 10 | $237 | | $237 | $474 |
| 10/12/2012 | $23.69 | $18.75 | 50 | $938 | $247 | $165 | $1,102 | 10 | $237 | | $237 | $474 |
| 10/5/2012 | $23.69 | $18.75 | 50 | $938 | $247 | $165 | $1,102 | 10 | $237 | | $237 | $474 |
| 9/28/2012 | $23.69 | $18.75 | 50 | $938 | $247 | $165 | $1,102 | 10 | $237 | | $237 | $474 |
| 9/21/2012 | $23.69 | $18.75 | 40 | $750 | $198 | $132 | $882 | 0 | $0 | | $0 | $0 |
| 9/14/2012 | $23.69 | $18.75 | 50 | $938 | $247 | $165 | $1,102 | 10 | $237 | | $237 | $474 |
| 9/7/2012 | $23.69 | $18.75 | 40 | $750 | $198 | $132 | $882 | 0 | $0 | | $0 | $0 |
| 8/31/2012 | $23.69 | $18.75 | 47 | $881 | $232 | $155 | $1,036 | 7 | $166 | | $166 | $332 |
| 8/24/2012 | $23.69 | $18.75 | 10 | $188 | $49 | $33 | $220 | 0 | $0 | | $0 | $0 |
| 8/17/2012 | $23.69 | $18.75 | 36 | $666 | $175 | $117 | $783 | 0 | $0 | | $0 | $0 |
| 8/10/2012 | $23.69 | $18.75 | 50 | $938 | $247 | $165 | $1,102 | 10 | $237 | | $237 | $474 |
| 8/3/2012 | $23.69 | $18.75 | 50 | $938 | $247 | $165 | $1,102 | 10 | $237 | | $237 | $474 |
| 7/27/2012 | $23.69 | $18.75 | 49 | $919 | $242 | $161 | $1,080 | 9 | $213 | | $213 | $426 |
| 7/20/2012 | $23.69 | $18.75 | | | $0 | $0 | $0 | 0 | $0 | | $0 | $0 |
| 7/13/2012 | $23.69 | $18.75 | 50 | $938 | $247 | $165 | $1,102 | 10 | $237 | | $237 | $474 |
| 7/6/2012 | $23.69 | $18.75 | 39 | $731 | $193 | $129 | $860 | 0 | $0 | | $0 | $0 |
| 6/29/2012 | $23.69 | $18.75 | 50 | $938 | $247 | $165 | $1,102 | 10 | $237 | | $237 | $474 |
| 6/22/2012 | $23.69 | $18.75 | 50 | $938 | $247 | $165 | $1,102 | 10 | $237 | | $237 | $474 |
| 6/15/2012 | $23.69 | $18.75 | 50 | $938 | $247 | $165 | $1,102 | 10 | $237 | | $237 | $474 |
| 6/8/2012 | $23.69 | $18.75 | 50 | $938 | $247 | $165 | $1,102 | 10 | $237 | | $237 | $474 |
| 6/1/2012 | $23.69 | $18.75 | 38 | $713 | $188 | $125 | $838 | 0 | $0 | | $0 | $0 |
| 5/25/2012 | $23.69 | $18.75 | 50 | $938 | $247 | $165 | $1,102 | 10 | $237 | | $237 | $474 |
| 5/18/2012 | $23.69 | $18.75 | 50 | $928 | $245 | $163 | $1,091 | 10 | $225 | | $225 | $450 |
| 5/11/2012 | $23.69 | $18.75 | 50 | $938 | $247 | $165 | $1,102 | 10 | $237 | | $237 | $474 |
| 5/4/2012 | $23.69 | $18.75 | 50 | $938 | $247 | $165 | $1,102 | 10 | $237 | | $237 | $474 |
| 4/27/2012 | | | | | | | | | | | | |
| 4/20/2012 | $23.69 | $18.75 | 39 | $731 | $193 | $129 | $860 | 0 | $0 | | $0 | $0 |
| 4/13/2012 | $23.69 | $18.75 | 40 | $750 | $198 | $132 | $882 | 0 | $0 | | $0 | $0 |
| 4/6/2012 | $23.69 | $18.75 | 49 | $919 | $242 | $161 | $1,080 | 9 | $213 | | $213 | $426 |
| 3/30/2012 | $23.69 | $18.75 | 50 | $938 | $247 | $165 | $1,102 | 10 | $237 | | $237 | $474 |
| 3/23/2012 | $23.69 | $18.75 | 50 | $938 | $247 | $165 | $1,102 | 10 | $237 | | $237 | $474 |
| 3/16/2012 | $23.69 | $18.75 | 50 | $938 | $247 | $165 | $1,102 | 10 | $237 | | $237 | $474 |

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 3/9/2012 | $23.69 | $18.75 | 50 | $938 | $247 | $165 | $1,102 | 10 | $237 | | $237 | $474 |
| 3/2/2012 | $23.69 | $18.75 | 50 | $938 | $247 | $165 | $1,102 | 10 | $237 | | $237 | $474 |
| 2/24/2012 | $23.69 | $18.75 | 50 | $938 | $247 | $165 | $1,102 | 10 | $237 | | $237 | $474 |
| 2/17/2012 | $23.69 | $18.75 | 50 | $938 | $247 | $165 | $1,102 | 10 | $237 | | $237 | $474 |
| 2/10/2012 | $23.69 | $18.75 | 50 | $938 | $247 | $165 | $1,102 | 10 | $237 | | $237 | $474 |
| 2/3/2012 | $23.69 | $18.75 | 47 | $881 | $232 | $155 | $1,036 | 7 | $166 | | $166 | $332 |
| 1/27/2012 | $23.69 | $18.75 | 50 | $938 | $247 | $165 | $1,102 | 10 | $237 | | $237 | $474 |
| 1/20/2012 | $23.69 | $18.75 | 50 | $938 | $247 | $165 | $1,102 | 10 | $237 | | $237 | $474 |
| 1/13/2012 | $23.69 | $18.75 | 50 | $938 | $247 | $165 | $1,102 | 10 | $237 | | $237 | $474 |
| 1/6/2012 | $23.69 | $18.75 | 40 | $750 | $198 | $132 | $882 | 0 | $0 | | $0 | $0 |
| 12/30/2011 | $23.69 | $18.75 | 40 | $750 | $198 | $132 | $882 | 0 | $0 | | $0 | $0 |
| 12/23/2011 | $23.69 | $18.75 | 50 | $938 | $247 | $165 | $1,102 | 10 | $237 | | $237 | $474 |
| 12/16/2011 | $23.69 | $18.75 | 50 | $938 | $247 | $165 | $1,102 | 10 | $237 | | $237 | $474 |
| 12/9/2011 | $23.69 | $18.75 | 50 | $938 | $247 | $165 | $1,102 | 10 | $237 | | $237 | $474 |
| 12/2/2011 | $23.69 | $18.75 | 50 | $938 | $247 | $165 | $1,102 | 10 | $237 | | $237 | $474 |
| 11/25/2011 | $23.69 | $18.75 | 30 | $563 | $148 | $99 | $661 | 0 | $0 | | $0 | $0 |
| 11/18/2011 | $23.69 | $18.75 | 50 | $938 | $247 | $165 | $1,102 | 10 | $237 | | $237 | $474 |
| 11/11/2011 | $23.69 | $18.75 | 50 | $938 | $247 | $165 | $1,102 | 10 | $237 | | $237 | $474 |
| 11/4/2011 | $23.69 | $18.75 | 50 | $938 | $247 | $165 | $1,102 | 10 | $237 | | $237 | $474 |
| 10/28/2011 | $23.69 | $18.75 | 50 | $938 | $247 | $165 | $1,102 | 10 | $237 | | $237 | $474 |
| 10/21/2011 | $23.69 | $18.75 | 48 | $900 | $237 | $158 | $1,058 | 8 | $190 | | $190 | $379 |
| 10/14/2011 | $23.69 | $18.75 | 50 | $938 | $247 | $165 | $1,102 | 10 | $237 | | $237 | $474 |
| 10/7/2011 | $23.69 | $18.75 | 50 | $938 | $247 | $165 | $1,102 | 10 | $237 | | $237 | $474 |
| 9/30/2011 | $23.69 | $18.75 | 50 | $938 | $247 | $165 | $1,102 | 10 | $237 | | $237 | $474 |
| 9/23/2011 | $23.69 | $18.75 | 50 | $938 | $247 | $165 | $1,102 | 10 | $237 | | $237 | $474 |
| 9/16/2011 | $23.69 | $18.75 | 50 | $938 | $247 | $165 | $1,102 | 10 | $237 | | $237 | $474 |
| 9/9/2011 | $23.69 | $18.75 | 40 | $750 | $198 | $132 | $882 | 0 | $0 | | $0 | $0 |
| 9/2/2011 | $23.69 | $18.75 | 50 | $938 | $247 | $165 | $1,102 | 10 | $237 | | $237 | $474 |
| 8/26/2011 | $23.69 | $18.75 | 50 | $938 | $247 | $165 | $1,102 | 10 | $237 | | $237 | $474 |
| 8/19/2011 | $23.69 | $18.75 | 49 | $919 | $242 | $161 | $1,080 | 9 | $213 | | $213 | $426 |
| 8/12/2011 | $23.69 | $18.75 | 50 | $938 | $247 | $165 | $1,102 | 10 | $237 | | $237 | $474 |
| 8/5/2011 | $23.69 | $18.75 | 50 | $938 | $247 | $165 | $1,102 | 10 | $237 | | $237 | $474 |
| 7/29/2011 | $23.69 | $18.75 | 50 | $938 | $247 | $165 | $1,102 | 10 | $237 | | $237 | $474 |
| 7/22/2011 | $23.69 | $18.75 | 40 | $750 | $198 | $132 | $882 | 0 | $0 | | $0 | $0 |
| 7/15/2011 | $23.69 | $18.75 | 50 | $938 | $247 | $165 | $1,102 | 10 | $237 | | $237 | $474 |
| 7/8/2011 | $23.69 | $18.75 | 40 | $750 | $198 | $132 | $882 | 0 | $0 | | $0 | $0 |
| 7/1/2011 | $23.69 | $18.75 | 50 | $938 | $247 | $165 | $1,102 | 10 | $237 | | $237 | $474 |
| 6/24/2011 | $23.69 | $18.75 | 50 | $938 | $247 | $165 | $1,102 | 10 | $237 | | $237 | $474 |
| 6/17/2011 | $23.69 | $18.75 | 50 | $938 | $247 | $165 | $1,102 | 10 | $237 | | $237 | $474 |
| 6/10/2011 | $23.69 | $18.75 | 40 | $750 | $198 | $132 | $882 | 0 | $0 | | $0 | $0 |
| 6/3/2011 | $23.69 | $18.75 | 40 | $750 | $198 | $132 | $882 | 0 | $0 | | $0 | $0 |

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 5/27/2011 | $23.69 | $18.75 | 50 | $938 | $247 | $165 | $1,102 | 10 | $237 | | $237 | $474 |
| 5/20/2011 | $23.69 | $18.75 | 50 | $938 | $247 | $165 | $1,102 | 10 | $237 | | $237 | $474 |
| 5/13/2011 | $23.69 | $18.75 | 50 | $938 | $247 | $165 | $1,102 | 10 | $237 | | $237 | $474 |
| 5/6/2011 | $23.69 | $18.75 | 50 | $938 | $247 | $165 | $1,102 | 10 | $237 | | $237 | $474 |
| 4/29/2011 | $23.69 | $18.75 | 40 | $750 | $198 | $132 | $882 | 0 | $0 | | $0 | $0 |
| 4/22/2011 | $23.69 | $18.75 | 20 | $375 | $99 | $66 | $441 | 0 | $0 | | $0 | $0 |
| 4/15/2011 | $23.69 | $18.75 | 50 | $938 | $247 | $165 | $1,102 | 10 | $237 | | $237 | $474 |
| 4/8/2011 | $23.69 | $18.75 | 40 | $750 | $198 | $132 | $882 | 0 | $0 | | $0 | $0 |
| 4/1/2011 | $23.69 | $18.75 | 49 | $919 | $242 | $161 | $1,080 | 9 | $213 | | $53 | $267 |
| 3/25/2011 | $23.69 | $18.75 | 30 | $563 | $148 | $99 | $661 | 0 | $0 | | $0 | $0 |
| 3/18/2011 | $23.69 | $18.75 | 50 | $938 | $247 | $165 | $1,102 | 10 | $237 | | $59 | $296 |
| 3/11/2011 | $23.69 | $18.75 | 50 | $938 | $247 | $165 | $1,102 | 10 | $237 | | $59 | $296 |
| 3/4/2011 | $23.69 | $18.75 | 50 | $938 | $247 | $165 | $1,102 | 10 | $237 | | $59 | $296 |
| 2/25/2011 | $23.69 | $18.75 | 50 | $938 | $247 | $165 | $1,102 | 10 | $237 | | $59 | $296 |
| 2/18/2011 | $23.69 | $18.75 | 50 | $938 | $247 | $165 | $1,102 | 10 | $237 | | $59 | $296 |
| 2/11/2011 | $23.69 | $18.75 | 50 | $938 | $247 | $165 | $1,102 | 10 | $237 | | $59 | $296 |
| 2/4/2011 | $23.69 | $18.75 | 50 | $938 | $247 | $165 | $1,102 | 10 | $237 | | $59 | $296 |
| 1/28/2011 | $23.69 | $18.75 | 50 | $938 | $247 | $165 | $1,102 | 10 | $237 | | $59 | $296 |
| 1/21/2011 | $23.69 | $18.75 | 50 | $938 | $247 | $165 | $1,102 | 10 | $237 | | $59 | $296 |
| 1/14/2011 | $23.69 | $18.75 | 50 | $938 | $247 | $165 | $1,102 | 10 | $237 | | $59 | $296 |
| 1/7/2011 | $23.69 | $18.75 | 50 | $938 | $247 | $165 | $1,102 | 10 | $237 | | $59 | $296 |
| 12/31/2010 | | | | | | | | | | | | |
| 12/24/2010 | $23.69 | $18.75 | 29 | $544 | $143 | $96 | $639 | 0 | $0 | | $0 | $0 |
| 12/17/2010 | $23.69 | $18.75 | 50 | $938 | $247 | $165 | $1,102 | 10 | $237 | | $59 | $296 |
| 12/10/2010 | $23.69 | $18.75 | 50 | $938 | $247 | $165 | $1,102 | 10 | $237 | | $59 | $296 |
| 12/3/2010 | $23.69 | $18.75 | 50 | $938 | $247 | $165 | $1,102 | 10 | $237 | | $59 | $296 |
| 11/26/2010 | $23.69 | $18.75 | 30 | $563 | $148 | $99 | $661 | 0 | $0 | | $0 | $0 |
| 11/19/2010 | $23.69 | $18.75 | 50 | $938 | $247 | $165 | $1,102 | 10 | $237 | | $59 | $296 |
| 11/12/2010 | $23.69 | $18.75 | 50 | $938 | $247 | $165 | $1,102 | 10 | $237 | | $59 | $296 |
| 11/5/2010 | $23.69 | $18.75 | 50 | $938 | $247 | $165 | $1,102 | 10 | $237 | | $59 | $296 |
| 10/29/2010 | $23.69 | $18.75 | 50 | $938 | $247 | $165 | $1,102 | 10 | $237 | | $59 | $296 |
| 10/22/2010 | $23.69 | $18.75 | 50 | $938 | $247 | $165 | $1,102 | 10 | $237 | | $59 | $296 |
| 10/15/2010 | $23.69 | $18.75 | 50 | $938 | $247 | $165 | $1,102 | 10 | $237 | | $59 | $296 |
| 10/8/2010 | $23.69 | $18.75 | 45 | $844 | $222 | $148 | $992 | 5 | $118 | | $30 | $148 |
| 10/1/2010 | | | | | | | | | | | | |
| 9/24/2010 | | | | | | | | | | | | |
| 9/17/2010 | | | | | | | | | | | | |
| 9/10/2010 | | | | | | | | | | | | |
| 9/3/2010 | $23.69 | $18.75 | 28 | $525 | $138 | $92 | $617 | 0 | $0 | | $0 | $0 |
| 8/27/2010 | | | | | | | | | | | | |
| 8/20/2010 | $23.69 | $18.75 | 50 | $938 | $247 | $165 | $1,102 | 10 | $237 | | $59 | $296 |

| 8/13/2010 | $23.69 | $18.75 | 50 | $938 | $247 | $165 | $1,102 | 10 | $237 | | $59 | $296 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 8/6/2010 | $23.69 | $18.75 | 50 | $938 | $247 | $165 | $1,102 | 10 | $237 | | $59 | $296 |
| 7/30/2010 | $23.69 | $18.75 | 50 | $938 | $247 | $165 | $1,102 | 10 | $237 | | $59 | $296 |
| 7/23/2010 | $23.69 | $18.75 | 50 | $938 | $247 | $165 | $1,102 | 10 | $237 | | $59 | $296 |
| 7/16/2010 | $23.69 | $18.75 | 50 | $938 | $247 | $165 | $1,102 | 10 | $237 | | $59 | $296 |
| 7/9/2010 | $23.69 | $18.75 | 40 | $750 | $198 | $132 | $882 | 0 | $0 | | $0 | $0 |
| OT-Related Totals (excluding equitable tolling damages) | | | | | | | | | $35,324 | $8,424 | $30,456 | $74,205 |

99.     Plaintiff does not yet have all of the records needed to fully estimate the equitable tolling damages in connection with his overtime claims, but for present purposes roughly estimates that the equitable tolling damages are about 400% more than the above-referenced total, or $296,820 ($74,205 x 4), for total estimated overtime-related damages of **$371,025** ($296,820 + $74,205).

100.     Defendants' liability for unauthorized deductions is estimated to equal one-half of the amounts listed in the seventh column of the spreadsheet above (entitled "Est. Amount Paid in Cash (two-thirds of difference between what should have been paid if no OT premium were owed, and gross pay listed on paystub)," or $14,616 ($29,233 * ½).

101.     The liquidated damages owed in connection with Defendants' unauthorized deductions equals 25% of the unauthorized deductions taken from July 9, 2010 through April 8, 2011, or $1,312 ($5,249 * .25), and 100% of the

27

unauthorized deductions taken from April 9, 2011 (the date NYLL § 198(1-a)) was amended to provide for 100% liquidated damages), or $5,996 ($23,983 * .25).

102.   Accordingly, Defendants' liability for unauthorized deductions and liquidated damages is not less than **$21,924**.

103.   Defendants' statutory damages liability under Plaintiff's Fourth Cause of Action for violations of NYLL § 195 is **$5,000**.  NYLL § 198(1-b, d).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests a judgment consistent with the following damages summary, together with attorney's fees, costs, and prejudgment interest to the extent recoverable.

Dated:     New York, New York
           July 7, 2016

Law Offices of Scott A. Lucas

By: */S/ Scott A. Lucas*
    Scott A. Lucas (SL-6316)
    250 Park Avenue, 20th Floor
    New York, New York 10177
    (212) 983-6000
    *Attorneys for Plaintiff Stanislaw Pest*