UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
STANISLAW PEST                                                           2016 CV 03785 (J. Hurley, Dennis R.)
                                                                                          (M.J. Locke, Steven)
                                        *Plaintiff,*

            -against-
                                                                                        **ANSWER**
EXPRESS CONTRACTING CORP. OF GREAT
NECK, EXPRESS KITCHEN and BATH CORP.
OF GREAT NECK d/b/a ELITE KITCHEN and
BATH, YEHESKEL SHARBANI and DAVID
SHARBANI,

                                        *Defendants.*
----------------------------------------------------------------X

      The Defendants, by their attorneys, Meltzer, Lippe, Goldstein & Breitstone, LLP, as and for their Answer to the Subject Complaint, set forth the following:

    1.    Neither admit nor deny the allegations of Paragraph 1 of the Subject Complaint as they are not allegations of fact, but rather prayers for relief and/or legal conclusions. As to any allegations of fact made therein, they are denied.

    2.    Deny the allegations of Paragraph 2 of the Subject Complaint.

    3.    Lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 3 of the Subject Complaint.

    4-6.    Neither admit nor deny the allegations of Paragraphs 4-6 of the Subject Complaint as they are not allegations of fact, but rather prayers for relief and/or legal conclusions. As to any allegations of fact made therein, they are denied.

    7.    Admit the allegations of Paragraph 7 of the Subject Complaint.

    8.    Admit the allegations of Paragraph 8 of the Subject Complaint.

9-10. Lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraphs 9--10 of the Subject Complaint.

11. Admit the allegations of Paragraph 11 of the Subject Complaint.

12. Neither admit nor deny the allegations of Paragraph 12 of the Subject Complaint and instead respectfully refers the Court to the document in question, the terms of which speak for themselves.

13-18. Admit the allegations of Paragraphs 13-18 of the Subject Complaint.

19. Deny the allegations of Paragraph 19 of the Subject Complaint.

20. Admit the allegations of Paragraph 20 of the Subject Complaint.

21-26. Neither admit nor deny the allegations of Paragraphs 21-26 of the Subject Complaint and instead respectfully refers the Court to the document in question, the terms of which speak for themselves.

27-28. Admit the allegations of Paragraphs 27-28 of the Subject Complaint.

29. Deny the allegations of Paragraph 29 of the Subject Complaint, except to admit that Yeheskel Sharbani and David Sharbani are father and son.

30. Deny the allegations of Paragraph 30 of the Subject Complaint.

31-33. Admit the allegations of Paragraphs 31-33 of the Subject Complaint.

34. Deny the allegations of Paragraph 34 of the Subject Complaint.

35. **I don't know!**

36. Neither admit nor deny the allegations of Paragraph 36 of the Subject Complaint as they are not allegations of fact, but rather prayers for relief and/or legal conclusions. As to any allegations of fact made therein, they are denied.

37-38. Admit the allegations of Paragraphs 37-38 of the Subject Complaint.

39. Neither admit nor deny the allegations of Paragraphs 21-26 of the Subject Complaint and instead respectfully refers the Court to the document in question, the terms of which speak for themselves.

40-41. Admit the allegations of Paragraphs 40-41 of the Subject Complaint.

42. Neither admit nor deny the allegations of Paragraph 42 of the Subject Complaint and instead respectfully refers the Court to the document in question, the terms of which speak for themselves, except to specifically deny the calculator ribbon provided the actual rate of pay. Rather it provided a rate of pay higher than the actual rate of pay, so that the combination of the pay stub and the calculator ribbon provided the actual straight time hourly rate of pay.

43. Deny the allegations of Paragraph 43 of the Subject Complaint.

44. With respect to the allegations of Paragraph 44 of the Subject Complaint, Defendant repeats and reiterates each response set forth herein to each paragraph mentioned therein as though set forth at length herein.

45-46. Neither admit nor deny the allegations of Paragraphs 45-46 of the Subject Complaint as they are not allegations of fact, but rather prayers for relief and/or legal conclusions. As to any allegations of fact made therein, they are denied.

47-48. Admit the allegations of Paragraphs 47-48 of the Subject Complaint.

49. Lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 49 of the Subject Complaint, as Defendants are unable to answer absent guidance as to the definition of "very few".

50. Lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 50 of the Subject Complaint.

51. Deny the allegations of Paragraph 51 of the Subject Complaint, except to admit annual gross sales of $500,000.00 for the corporate Defendants.

52. Lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 52 of the Subject Complaint.

53-54. Neither admit nor deny the allegations of Paragraphs 53-54 of the Subject Complaint as they are not allegations of fact, but rather prayers for relief and/or legal conclusions. As to any allegations of fact made therein, they are denied.

55. Deny the allegations of Paragraph 55 of the Subject Complaint.

56-57. Neither admit nor deny the allegations of Paragraphs 56-57 of the Subject Complaint as they are not allegations of fact, but rather prayers for relief and/or legal conclusions. As to any allegations of fact made therein, they are denied.

58. Deny the allegations of Paragraph 58 of the Subject Complaint.

59. Admit the allegations of Paragraph 59 of the Subject Complaint.

60. Deny the allegations of Paragraph 60 of the Subject Complaint.

61. Neither admit nor deny the allegations of Paragraph 61 of the Subject Complaint as they are not allegations of fact, but rather prayers for relief and/or legal conclusions. As to any allegations of fact made therein, they are denied.

62-64. Deny the allegations of Paragraphs 62-64 of the Subject Complaint.

65. Lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 65 of the Subject Complaint.

66-67. Neither admit nor deny the allegations of Paragraphs 66-67 of the Subject Complaint as they are not allegations of fact, but rather prayers for relief and/or legal conclusions. As to any allegations of fact made therein, they are denied.

68-71. Deny the allegations of Paragraphs 68-71 of the Subject Complaint.

72. With respect to the allegations of Paragraph 72 of the Subject Complaint, Defendant repeats and reiterates each response set forth herein to each paragraph mentioned therein as though set forth at length herein.

73-82. Neither admit nor deny the allegations of Paragraphs 73-82 of the Subject Complaint as they are not allegations of fact, but rather prayers for relief and/or legal conclusions. As to any allegations of fact made therein, they are denied.

83. Deny the allegations of Paragraph 83 of the Subject Complaint.

84. With respect to the allegations of Paragraph 84 of the Subject Complaint, Defendant repeats and reiterates each response set forth herein to each paragraph mentioned therein as though set forth at length herein.

85. Deny the allegations of Paragraph 85 of the Subject Complaint.

86. Lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 86 of the Subject Complaint.

87-88. Deny the allegations of Paragraphs 87-88 of the Subject Complaint.

89. Admit the allegations of Paragraph 89 of the Subject Complaint.

90-92. Deny the allegations of Paragraphs 90-92 of the Subject Complaint.

93. With respect to the allegations of Paragraph 93 of the Subject Complaint, Defendant repeats and reiterates each response set forth herein to each paragraph mentioned therein as though set forth at length herein.

94-96. Neither admit nor deny the allegations of Paragraphs 94-96 of the Subject Complaint as they are not allegations of fact, but rather prayers for relief and/or legal conclusions. As to any allegations of fact made therein, they are denied.

97-99. Deny the allegations of Paragraphs 97-99 of the Subject Complaint.

100-101. Neither admit nor deny the allegations of Paragraphs 100-101 of the Subject Complaint as they are not allegations of fact, but rather prayers for relief and/or legal conclusions. As to any allegations of fact made therein, they are denied.

102-103. Deny the allegations of Paragraphs 102-103 of the Subject Complaint.

### DEFENDANTS' AFFIRMATIVE AND OTHER DEFENSES

By way of further answer, Defendants assert the following defenses. In asserting these defenses, Defendants are providing notice to Plaintiffs of the defenses Defendants intend to raise, and Defendants do not assume the burden of proof as to any of the following defenses where the law does not impose such burden on Defendants.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

1. Plaintiff's Complaint, in whole or in part, fails to state a claim for which relief may be granted as a matter of fact and law.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

2. Plaintiff's Complaint is barred, in whole or in part, by the doctrine of unclean hands.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

3. At all times relevant hereto, Defendants acted in good faith.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

4. Plaintiff's Complaint fails to state a claim under federal or New York law upon which either pre-judgment of post-judgment interest, punitive, exemplary or liquidated damages or attorneys' fees may be awarded.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

5. Plaintiff cannot establish a willful violation under the Fair Labor Standards Act ("FLSA") or the New York Labor Law ("NYLL").

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

6. Plaintiff cannot recover liquidated damages because Defendants acted in good faith and had reasonable grounds for believing that their acts or omissions were not in violation of the FLSA or the NYLL.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

7. Individual Defendants were not, and are not, "employers" of the Plaintiff or any other incumbent or former employee of any Defendant within the meaning of the FLSA or the NYLL during the periods alleged in the Complaint and, as such, all claims against them should be dismissed.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

8. Individual Defendants have no personal liability under the legal theories or factual allegations asserted by Plaintiff and, as such, all claims against them should be dismissed.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

9. Plaintiff's claims are barred in whole or in part to the extent the work they performed falls within exemptions, exclusions, offsets or credits, including but not limited to, those provided for in Sections 7 and 13 of the FLSA, 29 U.S.C. §207 and the Laws and Regulations of the State of New York.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

10. To the extent discovery reveals that Plaintiff falsely reported his hours of work and there is no evidence that Defendants authorized, suffered or permitted the false reporting of

hours, Defendants invoke the doctrines of estoppel and avoidable consequences to bar the claims asserted by the Plaintiffs.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

11. Even if Defendants have, in fact, failed to pay Plaintiff for any of the activities alleged in Plaintiffs' Complaint, such activities do not constitute compensable work under the FLSA and furthermore, such activities were not an integral and indispensable part of Plaintiffs' principal activities of employment and are not compensable.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

12. Plaintiff's claims are barred in whole or in part by the doctrine of *de minimis non curat lex*.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

13. The Complaint is barred, in whole or in part, by the failure to perform all conditions precedent to suit, or to exhaust all administrative remedies, or both.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

14. The Complaint is barred, in whole or in part, pursuant to *inter alia*, 29 U.S.C. § 259 and New York Law as Defendants have acted in good faith and in conformity with and reliance upon written administrative regulations, order, rulings, interpretations and/or administrative practices or enforcement policies of the Administrator of the Wage and Hour Division of the United States Department of Labor and/or of the New York State Department of Labor.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

15. The Complaint is barred, in whole or in part, pursuant to *inter alia*, 29 U.S.C. § 260 and New York Law because any acts or omissions giving rise to this action were done in

good faith and with reasonable grounds for believing that the actions or omissions were not a violation of the FLSA and New York Law and, as such, Defendants assert a lack of willfulness or intent to violate the FLSA or any applicable state law.

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

16. Plaintiff's claims are barred by the doctrines of payment and/or tender.

### AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

17. The Complaint is barred, in whole or in part, because expert witness fees and costs are not recoverable in action pursuant to the FLSA.

### AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

18. Pendent or other jurisdiction should not be exercised over Plaintiffs' NYLL claims.

### AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

19. The Complaint is barred, in whole or in part, because expert witness fees and costs are not recoverable in action pursuant to the FLSA.

### AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

20. Plaintiff cannot profit from his own wrongdoing.

### RESERVATION OF RIGHTS

Defendants reserve the right to amend their answer as during the course of this litigation. Defendants also reserve the right to assert such additional defenses as may appear and prove applicable during the course of this action.

**WHEREFORE**, having fully answered Plaintiff's allegations, Defendants respectfully request the dismissal of the Complaint, with prejudice, an award of costs, including reasonable

758386-1

attorneys' fees incurred in the defense of this action, and such other and further relief as the Court deems just and proper.

Dated: Mineola, New York
September 8, 2016

                        MELTZER, LIPPE, GOLDSTEIN & BREITSTONE, LLP

                        By: _____
                             Richard M. Howard

                        *Attorneys for Defendants*
                        190 Willis Avenue
                        Mineola, New York 11501