UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
STANISLAW PEST,

        Plaintiff,

- against -

EXPRESS CONTRACTING CORP. OF GREAT
NECK, EXPRESS KITCHEN AND BATH
CORP. OF GREAT NECK d/b/a ELITE
KITCHEN AND BATH, YEHESKEL
SHARBANI and DAVID SHARBANI,

        Defendants.
------------------------------------------------------------X

**MEMORANDUM AND ORDER**
16 CV 3785 (DRH)

**APPEARANCES:**

**Attorneys for Plaintiff**

**Law Offices of Scott A. Lucas**
250 Park Avenue
20th Floor
New York, NY 10177
By:    Scott A. Lucas, Esq.

**Attorneys for Defendants**

**Meltzer Lippe Goldstein & Breitstone, LLP**
190 Willis Avenue
Mineola, NY 11501
By:    Richard Michael Howard, Esq.

**HURLEY, Senior District Judge:**

    On October 31, 2016, plaintiff's counsel filed a Notice of Acceptance of Offer of Judgment and Offer of Judgment pursuant to Federal Rule of Civil Procedure ("Rule") 68. The Second Circuit's ruling in *Cheeks v. Freeport Pancake House*, 796 F.3d 199 (2d Cir. 2015) that "Rule 41(a)(1)(A)(ii) stipulated dismissals settling [Fair Labor Standards Act ("FLSA"), 29

1

U.S.C. § 201, *et seq.*,] claims with prejudice require the approval of the district court or the [Department of Labor] to take effect," prompts the Court to consider whether it is similarly required to approve the parties' settlement agreement prior to entering a Rule 68 Offer of Judgment submitted in an FLSA action.

The Court acknowledges that "the Rule 68 Offer of Judgment procedures give[] clever defendant-employers an aperture the size of the Grand Canyon through which they can drive coercive settlements in Fair Labor Standards Acts cases without obtaining court approval." *Baba v. Beverly Hills Cemetery Corp. Inc.*, 2016 WL 2903597, at *1 (S.D.N.Y. May 9, 2016). Nevertheless, *Cheeks* does not compel judicial approval of the settlement agreement here. *See id.* The court in *Cheeks* rested its holding on the language of Rule 41(a)(1)(A) subjecting dismissals without a court order to "applicable federal statute[s]," which the *Cheeks* court found includes the FLSA. However, no such language is present in Rule 68. In fact, Rule 68 explicitly states that upon the filing of the offer and notice of acceptance, "[t]he clerk must enter judgment." Thus, "[u]nlike Rule 41, as construed in *Cheeks*, Rule 68 has no 'hook,' no limiter, that restricts its use and that would permit excluding the FLSA from its reach. To hold that Rule 68 is not available in FLSA cases without court approval would be to rewrite it." *Barnhill v. Fred Stark Estate*, 2015 WL 5680145, at *1 (E.D.N.Y. Sept. 24, 2015).

Moreover, the Court is aware that "[t]he legislative history of the [FLSA] shows an intent on the part of Congress to protect certain groups of the population from substandard wages and excessive hours which endangered the national health and well-being and the free flow of goods in interstate commerce," as well as that "[t]he statute was a recognition of the fact that due to the unequal bargaining power as between employer and employee, certain segments of the population required federal compulsory legislation to prevent private contracts on their part

which endangered national health and efficiency and as a result the free movement of goods in interstate commerce." *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945). However, these considerations do not permit the Court to ignore the mandatory language of Rule 68, and it is up to the legislature to create an exception to Rule 68 for FLSA actions, if it deems it appropriate.

Accordingly, the clerk of the Court is directed to enter judgment and close the case.

**SO ORDERED.**

Dated: Central Islip, New York
November 3, 2016

                                                   /s/
                                         Denis R. Hurley
                                         Unites States District Judge